Robert Ahdoot, SBN 172098
rahdoot@ahdootwolfson.com
Tina Wolfson, SBN 174806
twolfson@ahdootwolfson.com
Theodore W. Maya, SBN 223242
tmaya@ahdootwolfson.com
Bradley K. King, SBN 274399
bking@ahdootwolfson.com
AHDOOT & WOLFSON, PC
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111; Fax: (310) 474-8585

John A. Yanchunis (*pro hac vice* application forthcoming)
jyanchunis@forthepeople.com
MORGAN & MORGAN COMPLEX LITIGATION GROUP
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505; Fax: (813) 223-5402

Attorneys for Plaintiff,
SAMANTHA KIRBY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA KIRBY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM, INC., d/b/a Anthem Health, Inc., an Indiana corporation, THE ANTHEM COMPANIES, INC., an Indiana corporation, THE ANTHEM COMPANIES OF CALIFORNIA, INC., a California corporation, ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, a California corporation, and DOES 1-25,<br><br>Defendants. | CASE NO.  2:15-cv-00820<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1.  Violations of Cal. Bus. & Prof. Code § 17200, *et seq.*<br>2.  Invasions of Privacy<br>3.  Negligence<br>4.  Bailment<br>5.  Conversion<br>6.  Violation of Cal. Civ. Code § 1798.80, *et seq*.<br>7.  Violation of Cal. Civ. Code § 56, *et seq.*<br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT

Plaintiff Samantha Kirby ("Plaintiff") brings this class action against Defendants Anthem, Inc., doing business as Anthem Health, Inc., an Indiana corporation, The Anthem Companies, Inc., an Indiana corporation, The Anthem Companies Of California, Inc., a California corporation, Anthem Blue Cross Life And Health Insurance Company, a California corporation (collectively, "Anthem"), and DOES 1-25 (collectively, "Defendants"), as a result of the massive data breach suffered by as many as 80 million Anthem customers, on behalf of herself and all others similarly situated to obtain damages, restitution, and injunctive relief for the Class, as defined below, from Defendants.  Plaintiff makes the following allegations upon information and belief, except as to her own actions, the investigation of her counsel, and the facts that are a matter of public record:

## NATURE OF CLAIM

1.    This is a consumer class action lawsuit brought on behalf of Plaintiff, individually, and on behalf of all other individuals, against Defendants for their failure to safeguard and secure the medical records, and other personally identifiable information, including names, dates of birth, social security numbers, billing information, and highly confidential health and other types of information (collectively, "Personally Identifiable Information" or "PII") and personal health related information (collectively, "Personal Health Information" or "PHI") of Plaintiff and Class Members.  Defendants announced to the public this massive loss of information on or about February 4, 2015.

2.    Defendants failed to keep safe their customers' sensitive private, financial, medical, and personal information.

## PARTIES

3.    Plaintiff is an individual who resides in Los Angeles, California.

4.    Defendant Anthem, Inc., doing business as Anthem Health, Inc., is an Indiana corporation, registered with the California Secretary of State to do business in California, and headquartered in Indianapolis, Indiana.

2

5.      Defendant The Anthem Companies, Inc. is an Indiana corporation, registered with the California Secretary of State to do business in California, and headquartered in Indianapolis, Indiana.

6.      Defendant The Anthem Companies Of California, Inc. is a California corporation and headquartered in Indianapolis, Indiana.

7.      Defendant Anthem Blue Cross Life And Health Insurance Company is a California corporation and headquartered in Indianapolis, Indiana.

**JURISDICTION AND VENUE**

8.      This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  In the aggregate, Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and there are numerous class members who are citizens of states other than Defendants' states of citizenship, which are Indiana and California.

9.      This Court has personal jurisdiction over Anthem because Anthem is authorized to do and does business in the State of California.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because many of the acts and transactions giving rise to this action occurred in this District and because Anthem is subject to personal jurisdiction in this District.

**GENERAL ALLEGATIONS**

11.     Anthem, Inc., previously known as WellPoint, Inc., is one of the largest for-profit managed health care companies in the United States.

12.     Plaintiff has health insurance issued by Anthem and, as a result, Anthem has required that she provide her PII and PHI to Anthem.

13.     Anthem claims that on or about January 29, 2015, it detected a massive data breach that compromised the PII and PHI of approximately 80 million insureds.

14.     News of the data breach was first published by the Wall Street Journal, available at <http://www.wsj.com/articles/health-insurer-anthem-hit-by-hackers-1423103720> (last visited Feb. 5, 2014).

3

15.     On or about February 4, 2014, Anthem issued notice to its California insureds that they had fallen victim to a data breach stating that "the personal information from our current and former members such as their names, birthdays, member ID/Social Security numbers, street addresses, email addresses and employment information, including income data."  A true and correct copy of this notice is attached hereto as Exhibit A.

16.     Anthem does not provide any information as to when its systems were compromised, how long third parties had access to its systems or what measures have been taken to prevent further breaches.

17.     Anthem does not definitely state that customers banking and medical information was not disclosed to third parties.

18.     Given Anthem's carefully worded and conclusory notice, attached as Exhibit A, the medical information of its customers, such as claims, test results, medical history, and diagnoses were also compromised and disclosed to third parties.

19.     Given Anthem's carefully worded and conclusory notice, attached as Exhibit A, the banking and credit information of its customers was also compromised and disclosed to third parties.

20.     Anthem also set up a website at <www.anthemfacts.com> where the data breach was disclosed to Anthem customers by way of a letter from Joseph R. Swedish, President and CEO of Anthem.  This website also provide a short and vague facts page at <www.anthemfacts.com/faq> (last visited Feb. 5, 2015).

21.      On information and belief, Plaintiff's PII and PHI was disclosed in the data breach.

**CONSEQUENCES OF DEFENDANTS' CONDUCT**

22.     The ramifications of Defendants' failure to keep class members' PII and PHI secure are severe.

23.     The information Defendants lost, including Plaintiff's PII and PHI, is "as good as gold" to identity thieves, in the words of the Federal Trade Commission

("FTC").  FTC, *About Identity Theft*, available at <http://www.vanderbilt.edu/PersonalIdentityTheftProtection.pdf> (last visited Feb. 5, 2015).  Identity theft occurs when someone uses another's PII and/or PHI, such as that person's name, address, credit card number, credit card expiration dates, and other information, without permission, to commit fraud or other crimes. *Id.*  The FTC estimates that as many as 9 million Americans have their identities stolen each year. *Id.*

24.     Identity thieves can use identifying data to open new financial accounts and incur charges in another person's name, take out loans in another person's name, incur charges on existing accounts, or clone ATM, debit, or credit cards. *Id.*

25.     Identity thieves can use PII and PHI such as that pertaining to the Class, which Defendants failed to keep secure to perpetrate a variety of crimes that do not cause financial loss, but nonetheless harm the victims.  For instance, identity thieves may commit various types of government fraud such as: immigration fraud; obtaining a driver's license or identification card in the victim's name but with another's picture; using the victim's information to obtain government benefits; or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

26.     In addition, identity thieves may get medical services using the Plaintiff's PII and PHI or commit any number of other frauds, such as obtaining a job, procuring housing, or even giving false information to police during an arrest.

27.     Annual monetary losses from identity theft are in the billions of dollars. According to a Presidential Report on identity theft produced in 2008:

> In addition to the losses that result when identity thieves fraudulently open accounts or misuse existing accounts, . . . individual victims often suffer indirect financial costs, including the costs incurred in both civil litigation initiated by creditors and in overcoming the many obstacles they face in obtaining or retaining credit.  Victims of non-financial identity theft, for example, health-related or criminal record fraud, face other types of harm and frustration.

> In addition to out-of-pocket expenses that can reach thousands of dollars for the victims of new account identity theft, and the emotional toll identity theft can take, some victims have to spend what can be a

CLASS ACTION COMPLAINT

1
2
3

considerable amount of time to repair the damage caused by the identity thieves. Victims of new account identity theft, for example, must correct fraudulent information in their credit reports and monitor their reports for future inaccuracies, close existing bank accounts and open new ones, and dispute charges with individual creditors.

4   The President's Identity Theft Task Force, *Combating Identity Theft: A Strategic*

5   *Plan*, at p.11 (April 2007), available at

6   <http://www.ftc.gov/sites/default/files/documents/reports/combating-identity-

7   theft-strategic-plan/strategicplan.pdf> (last visited Feb. 5, 2015).

8      28. According to the U.S. Government Accountability Office ("GAO"),

9   which conducted a study regarding data breaches:

10
11
12
13

[L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

14   GAO, *Report to Congressional Requesters*, at p.33 (June 2007), available at

15   <http://www.gao.gov/new.items/d07737.pdf> (last visited Feb. 5, 2015).

16      29. "In addition to the financial harm associated with other types of identity

17   theft, victims of medical identity theft may have their health endangered by inaccurate

18   entries in their medical records.  This inaccurate information can potentially cause

19   victims to receive improper medical care, have their insurance depleted, become

20   ineligible for health or life insurance, or become disqualified from some jobs.  Victims

21   may not even be aware that a theft has occurred because medical identity theft can be

22   difficult to discover, as few consumers regularly review their medical records, and

23   victims may not realize that they have been victimized until they receive collection

24   notices, or they attempt to seek medical care themselves, only to discover that they

25   have reached their coverage limits." *Id.* at 30.

26      30. "With the advent of the prescription drug benefit of Medicare Part D, the

27   Department of Health and Human Services' Office of the Inspector General (HHS

28   OIG) has noted a growing incidence of health care frauds involving identity theft."

CLASS ACTION COMPLAINT

Identity thieves can use such information "fraudulently to enroll unwilling beneficiaries in alternate Part D plans in order to increase . . . sales commissions" or commit other types of fraud.  "The types of fraud that can be perpetrated by an identity thief are limited only by the ingenuity and resources of the criminal." *Id.* at 31.

31.    The unauthorized disclosure of Social Security Numbers can be particularly damaging, because Social Security Numbers cannot easily be replaced.  In order to obtain a new number, a person must prove, among other things, that he or she continues to be disadvantaged by the misuse.  Thus, no new number can be obtained until the damage has been done.  Furthermore, as the Social Security Administration ("SSA") warns:

> a new number probably will not solve all your problems. This is because other governmental agencies (such as the Internal Revenue Service and state motor vehicle agencies) and private businesses (such as banks and credit reporting companies) likely will have records under your old number.  Also, because credit reporting companies use the number, along with other personal information, to identify your credit record, using a new number will not guarantee you a fresh start.  This is especially true if your other personal information, such as your name and address, remains the same.

> If you receive a new Social Security Number, you will not be able to use the old number anymore.

> For some victims of identity theft, a new number actually creates new problems.  If the old credit information is not associated with the new number, the absence of any credit history under the new number may make it more difficult for you to get credit.

SSA, *Identity Theft and Your Social Security Number*, SSA Publication No. 05-10064 (Aug. 2009), available at <http://www.ssa.gov/pubs/10064.html> (last visited Feb. 5, 2015).

32.    Plaintiff and the Class she seeks to represent now face years of constant surveillance of their financial and medical records, monitoring, loss of rights, and potential medical problems.

## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action on her own behalf, and on behalf of all other persons similarly situated ("the Class").  The Class that Plaintiff seeks to represent is:

7

All persons who reside in California and have purchased health insurance from Anthem, Inc. d/b/a Anthem Health, Inc., The Anthem Companies, Inc., The Anthem Companies Of California, Inc., and Anthem Blue Cross Life And Health Insurance Company, and whose personally identifiable information, personal health information, and/or financial information was breached as a result of the data breach announced on or about February 4, 2015.

Excluded from the Class are Defendants; officers, directors, and employees of Defendants; any entity in which Defendants have a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of the Defendants.

34.     The members of the Class are so numerous that the joinder of all members is impractical.  While the exact number of Class members is unknown to Plaintiff at this time, based on information and belief, it is in the millions.

35.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

36.     This action satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) because it involves questions of law and fact common to the member of the Class that predominate over any questions affecting only individual members, including, but not limited to:

        a.     Whether Defendants unlawfully used, maintained, lost or disclosed Class members' PII and PHI;

        b.     Whether Anthem unreasonably delayed in notifying affected customers of the data breach;

        c.     Whether Defendants failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach;

        d.     Whether Defendants violated the requirements of California Civil Code Section 1798.80, *et seq.*;

        e.     Whether Defendants' conduct violated the California Business &

Professions Code §17200, *et seq.*;

f.    Whether Defendants' conduct was negligent;

g.    Whether Defendants acted willfully and/or with oppression, fraud, or malice;

h.    Whether Defendants' conduct constituted Intrusion;

i.    Whether Defendants' conduct constituted Public Disclosure of Private Facts;

j.    Whether Defendants' conduct constituted Misappropriation of Likeness and Identity;

k.    Whether Defendants' conduct violated Class members' California Constitutional Right to Privacy;

l.    Whether Defendants' conduct constituted Bailment;

m.    Whether Defendants' conduct constituted Conversion;

n.    Whether Defendants unlawfully used, maintained, lost or disclosed Class members' PII and PHI;

o.    Whether Defendants' conduct violated the California Confidentiality of Medical Information Act, California Civil Code § 56, et seq.; and

p.    Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

37.    Plaintiff's claims are typical of those of other Class members because Plaintiff's PII and PHI, like that of every other class member, was misused and/or disclosed by Defendants.

38.    Plaintiff will fairly and accurately represent the interests of the Class.

39.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants and would lead to repetitive adjudication of common questions of law and

9

fact.  Accordingly, class treatment is superior to any other method for adjudicating the controversy.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action under Rule 23(b)(3).

40.     Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, Defendants' violations of law inflicting substantial damages in the aggregate would go un-remedied without certification of the Class.

41.     Defendants have acted or refused to act on grounds that apply generally to the class, as alleged above, and certification is proper under Rule 23(b)(2).

### FIRST COUNT

**Violations of the California Unfair Competition Law,**

**Cal. Bus. & Prof. Code § 17200, *et seq.***

42.     Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

43.     Defendants' conduct constitutes unfair and illegal and fraudulent business practices within the meaning of the California Business & Professions Code § 17200, *et seq.* (the "UCL").

44.     Defendants' conduct violated certain laws as alleged herein.  By engaging in the said conduct in the course of doing business, Defendants engaged in unlawful business practices in violation of the UCL.

45.     By engaging in the above-described conduct in the course of doing business, Defendants engaged in unfair business practices in violation of the UCL. The harm to each Plaintiff outweighed any utility that Defendants' conduct may have produced.

46.     Defendants' failure to disclose information concerning the data breach directly and promptly to affected customers, constitutes a fraudulent act or practice in violation of the UCL.

47.     Plaintiff suffered injury in fact and lost property and money as a result of Defendants' conduct.

48.     Plaintiff seeks restitution and injunctive relief on behalf of the Class.

### SECOND COUNT

**Invasion of Privacy – Intrusion, Public Disclosure of Private Facts, Misappropriation of Likeness and Identity, and California Constitutional Right to Privacy**

49.     Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

50.     Plaintiff had a reasonable expectation of privacy in the PII and PHI Defendants mishandled.

51.     By failing to keep Plaintiff's PII and PHI safe, and by misusing and/or disclosing said information to unauthorized parties for unauthorized use, Defendants invaded Plaintiff's privacy by:

a.     intruding into Plaintiff's private affairs in a manner that would be highly offensive to a reasonable person;

b.     publicizing private facts about Plaintiff, which is highly offensive to a reasonable person;

c.     using and appropriating Plaintiff's identity without Plaintiff's consent; and

d.     violating Plaintiff's right to privacy under California Constitution, Article 1, Section 1, through the improper use of Plaintiff's PII and PHI properly obtained for a specific purpose for another purpose, or the disclosure of it to some third party.

52.     Defendants knew, or acted with reckless disregard of the fact that, a reasonable person in Plaintiff's position would consider Defendants' actions highly offensive.

53.     Defendants invaded Plaintiff's right to privacy and intruded into

Plaintiff's private affairs by misusing and/or disclosing Plaintiff's PII and PHI without her informed, voluntary, affirmative and clear consent.

54. As a proximate result of such misuse and disclosures, Plaintiff's reasonable expectations of privacy in her PII and PHI was unduly frustrated and thwarted. Defendants' conduct amounted to a serious invasion of Plaintiff's protected privacy interests.

55. In failing to protect Plaintiff's PII and PHI, and in misusing and/or disclosing Plaintiff's PII and PHI, Defendants have acted with malice and oppression and in conscious disregard of Plaintiff's and the Class members' rights to have such information kept confidential and private. Plaintiff, therefore, seeks an award of punitive damages on behalf of the Class.

## THIRD COUNT

### Negligence

56. Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

57. Defendants came into possession of Plaintiff's PII and PHI and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

58. Defendants had a duty to timely disclose that Plaintiff's PII and PHI within its possession had been compromised.

59. Defendants had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's PII and PHI.

60. Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to exercise reasonable care in protecting and safeguarding Plaintiff' PII and PHI within Defendants' possession.

61. Defendants, through their actions and/or omissions, unlawfully breached their duty to Plaintiff by failing to exercise reasonable care by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's PII

and PHI.

62.     Defendants, through their actions and/or omissions, unlawfully breached their duty to timely disclose to the Plaintiff and the Class members the fact that their PII and PHI within their possession had been compromised.

63.     Defendants' negligent and wrongful breach of their duties owed to Plaintiff and the Class proximately caused Plaintiff's and Class members' PII and PHI to be compromised.

64.     Plaintiff seeks the award of actual damages on behalf of the Class.

## FOURTH COUNT

### Bailment

65.     Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

66.     Plaintiff and the Class members delivered and entrusted their PII and PHI to Defendants for the sole purpose of receiving services from Defendants.

67.     During the time of bailment, Defendants owed Plaintiff and the Class members a duty to safeguard this information properly and maintain reasonable security procedures and practices to protect such information.  Defendants breached this duty.

68.     As a result of these breaches of duty, Plaintiff and the Class members have suffered harm.

69.     Plaintiff seeks actual damages on behalf of the Class.

## FIFTH COUNT

### Conversion

70.     Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

71.     Plaintiff and Class members were the owners and possessors of their PII and PHI.  As the result of Defendants' wrongful conduct, Defendants have interfered with the Plaintiff's and Class Members' rights to possess and control such property, to

13

1    which they had a superior right of possession and control at the time of conversion.

2    72.    As a direct and proximate result of Defendants' conduct, Plaintiff and the

3    Class members suffered injury, damage, loss or harm and therefore seek compensatory

4    damages.

5    73.    In converting Plaintiff's PII and PHI, Defendants have acted with malice,

6    oppression and in conscious disregard of the Plaintiff' and Class members' rights.

7    Plaintiff, therefore, seeks an award of punitive damages on behalf of the Class.

8    74.    Plaintiff and the Class members did not consent to Defendants'

9    mishandling and loss of their PII and PHI.

10                           **SIXTH COUNT**

11              **Violation of Cal. Civ. Code § 1798.80, *et seq.***

12    75.    Plaintiff incorporates the substantive allegations contained in all previous

13    paragraphs as if fully set forth herein.

14    76.    The data breach described above constituted a "breach of the security

15    system" of Defendants, within the meaning of Section 1798.82(g) of the California

16    Civil Code.

17    77.    The information lost in the data breach constituted "personal information"

18    within the meaning of Section 1798.80(e) of the California Civil Code.

19    78.    Defendants failed to implement and maintain reasonable security

20    procedures and practices appropriate to the nature and scope of the information

21    compromised in the data breach.

22    79.    Defendants unreasonably delayed informing anyone about the breach of

23    security of Class Members' confidential and non-public information after Defendants

24    knew the data breach had occurred.

25    80.    Defendants failed to disclose to Class Members, without unreasonable

26    delay, and in the most expedient time possible, the breach of security of their

27    unencrypted, or not properly and securely encrypted, personal Information when they

28    knew or reasonably believed such information had been compromised.

14

81.     Upon information and belief, no law enforcement agency instructed Defendants that notification to Class Members would impede investigation.

82.     As a result of Defendants' violation of Cal. Civ. Code § 1798.80 *et seq.*, Plaintiff and other Class Members incurred economic damages, including expenses associated with necessary credit monitoring.

83.     Plaintiff, individually and on behalf of the Class, seeks all remedies available under Cal. Civ. Code § 1798.84, including, but not limited to: (a) damages suffered by Class Members as alleged above; (b) statutory damages for Defendants' willful, intentional, and/or reckless violation of Cal. Civ. Code § 1798.83; and (c) equitable relief.

84.     Plaintiff, individually and on behalf of the Class, also seeks reasonable attorneys' fees and costs under Cal. Civ. Code §1798.84(g).

## SEVENTH COUNT

**Violation of the California Confidentiality of Medical Information Act,**

**Cal. Civ. Code § 56, *et seq.***

85.     Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

86.     Defendants are providers of health care within the meaning of Civil Code § 56.06(a) and maintain medical information as defined by Civil Code § 56.05(g).

87.     Plaintiff is a patient of Defendants, as defined in Civil Code § 56.05(h). Defendants maintain personal medical information of Plaintiff and the Class.

88.     Defendants have misused and/or disclosed medical information regarding Plaintiff without written authorization compliant with the provisions of Civil Code §§ 56 *et seq.*

89.     Defendants' misuse and/or disclosure of medical information regarding the Plaintiff and the Class constitute a violation of Civil Code §§ 56.10, 56.11, 56.13, and 56.26.

90.     Plaintiff and the Class have suffered damages from the improper misuse

and/or disclosure of their medical information and therefore Plaintiff and the Class seek relief under Civil Code §§ 56.35 and 56.36.

91.    Plaintiff and the Class seek actual damages, statutory damage, statutory penalties, attorney fees and costs pursuant to Civil Code §§ 56.35 and 56.36.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment as follows:

A.    For an Order certifying this action as a class action and appointing Plaintiff and her Counsel to represent the Class;

B.    For equitable relief enjoining Defendants from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class members' personally identifiable information, personal health information, and financial information, and from refusing to issue prompt, complete and accurate disclosures to the Plaintiff and Class members;

C.    For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendants' wrongful conduct;

D.    For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined;

E.    For an award of punitive damages;

F.    For an award of costs of suit and attorneys' fees, as allowable by law; and

G.    Such other and further relief as this court may deem just and proper.

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2          Plaintiff hereby demands a jury trial of her claims to the extent authorized by

3    law.

4

5    Dated:      February 5, 2015          AHDOOT & WOLFSON, PC

6

7

8                                         By: _____

9                                             Robert Ahdoot
                                              Tina Wolfson
10                                            Theodore W. Maya
                                              Bradley K. King
11                                            1016 Palm Avenue
                                              West Hollywood, California 90069
12                                            Tel: (310) 474-9111; Fax: (310) 474-8585
                                              Email: rahdoot@ahdootwolfson.com
13                                            twolfson@ahdootwolfson.com
                                              tmaya@ahdootwolfson.com
14                                            bking@ahdootwolfson.com
15

16                                            John A. Yanchunis (*pro hac vice*
17                                            application forthcoming)
                                              MORGAN & MORGAN
18                                            COMPLEX LITIGATION GROUP
                                              201 North Franklin Street, 7th Floor
19                                            Tampa, Florida 33602
                                              Tel: (813) 223-5505; Fax: (813) 223-5402
20                                            Email: jyanchunis@forthepeople.com
21

22                                            Attorneys for Plaintiff,
23                                            Samantha Kirby

24

25

26

27

28

CLASS ACTION COMPLAINT